IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT WARDRICK | * | |
|     Petitioner | * | |
| | * | |
| v. | * | CIVIL ACTION NO. AMD-06-1274 |
| | * | |
| WARDEN | * | |
|     Respondent | * | |
| | *** | |

MEMORANDUM

On September 17, 2002, judgment was entered in this Court sentencing Robert Wardrick to concurrent 300 and 120 month terms in the Federal Bureau of Prisons for firearms violations under 28 U.S.C. § 922(g)(1) and 26 § 5861(d). *See United States v. Wardrick*, Criminal No. MJG-01-0217 (D. Md.). The convictions were affirmed on appeal. On August 23, 2004, Judge Marvin J. Garbis dismissed Wardrick's 28 U.S.C. § 2255 motion to vacate with prejudice. *See Wardrick v. United States*, Civil Action No. MJG-03-3592 (D. Md.). The appeal from that order was dismissed by the United States Court of Appeals for the Fourth Circuit. On June 15, 2005, Wardrick's second § 2255 motion was dismissed without prejudice as successive. *See Wardrick v. United States*, Civil Action No. MJG-05-1551 (D. Md.).

On May 18, 2006, the court received for filing a letter from Wardrick, who is currently confined at the McKean Federal Correctional Institution ("FCI-McKean") in Bradford, Pennsylvania. Affording the letter a generous construction, it appears that Wardrick is challenging: (1) the legality of the search and seizure warrant used to gain entry into his Baltimore residence in 2001; and (2) the classification point assessment made by FCI-McKean personnel. *Id*. Wardrick claims that a Baltimore County police detective provided fraudulent information to obtain the

warrant and seeks a hearing on the matter.[*] *Id*. He further complains that FCI-McKean personnel have "given [him] three points" for a rape conviction, even though he was acquitted of the charge. *Id*.

Wardrick's attack on the underlying search and seizure warrant plainly goes to the legality of his 2002 firearms convictions in this court. He is precluded from seeking such collateral relief here under 28 U.S.C. § 2255 without permission to file a successive motion by the Fourth Circuit. *See* 28 U.S.C. § 2244(b).  Moreover, to the extent that Wardrick wishes to raise a challenge to his classification point assessment as a tort, civil rights, and/or habeas corpus action, he may not do so without demonstrating that he has first exhausted his administrative remedies. *See* 28 U.S.C. § 2675(a); 42 U.S.C. § 1997e; *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973).

For the above reasons, this action shall be dismissed without prejudice  An Order follows.

Filed: May 30, 2006                             /s/
                                                Andre M. Davis
                                                United States District Judge

---

[*] The execution of the warrant resulted in Wardrick being arrested by local law enforcement and subsequently charged with the offenses set out in *United States v. Wardrick*, Criminal No. MJG-01-0217.